UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. ___5:18CV-105-TBR___

OHIO SECURITY INSURANCE COMPANY                                      PLAINTIFF

v.

DALE BEARDEN CONSTRUCTION COMPANY, INC.
d/b/a DALE BEARDEN CONCRETE & CURBING, INC.
P. O. Box 8444
Paducah, KY  42002

        Serve:  Dale Bearden, Registered Agent
               9401 Old Mayfield Road
               Boaz, KY  42027

AND

ROBERTSON INCORPORATED BRIDGE
 AND GRADING DIVISION
P. O. Box 880
Poplar Bluff, MO  63902
                                        DEFENDANTS

        Serve:  National Registered Agents, Inc.
               306 West Main Street, Suite 512
               Frankfort, KY  40601

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Ohio Security Insurance Company ("Ohio Security"), for its Complaint for Declaratory Relief against Defendants, Dale Bearden Construction Company, Inc. d/b/a Dale Bearden Concrete & Curbing, Inc., and Robertson Incorporated Bridge and Grading Division, states:

### I.     PARTIES AND JURISDICTION

1.    Plaintiff, Ohio Security Insurance Company, is a corporation incorporated under the laws of New Hampshire with its principal place of business in Massachusetts.

2.      Defendant Dale Bearden Construction Company, Inc. ("Dale Bearden Construction") is and was at all times relevant hereto a Kentucky corporation with its principal place of business in Kentucky.  Dale Bearden Construction has done business under the name Dale Bearden Concrete & Curbing, Inc.  Dale Bearden Construction is not a citizen of New Hampshire or Massachusetts.

3.      Defendant Robertson Incorporated Bridge and Grading Division ("Robertson") is and was at all times relevant hereto a Missouri corporation with its principal place of business in Missouri.  Robertson is not a citizen of New Hampshire or Massachusetts.

4.      This action concerns claims for coverage under an insurance policy for damages alleged to be well in excess of $75,000, exclusive of interest and costs.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## II.      FACTUAL BACKGROUND AND REQUEST FOR DECLARATORY RELIEF

6.      Ohio Security is in the business of, among other things, issuing commercial general liability insurance policies.

7.      Ohio Security issued a Commercial General Liability insurance policy to Dale Bearden Concrete & Curbing, Inc., Policy Number BLS 55 99 32 20, with effective dates from 01/21/2015 to 01/21/2017 and an Each Occurrence Limit of $1,000,000 ("the Policy").  A true and correct copy of the Policy is attached hereto as Exhibit A.

8.      In or about 2015, Dale Bearden Construction was hired to cast and pour a three story concrete well for a sewer system on a municipal project in Murray, Kentucky ("the

Project"), pursuant to a "Subcontract" between Bearden as the "sub" and Robertson, Inc. Bridge & Grading Division, a Missouri Corporation as the "Company."

9.      On or about May 4, 2017, Robertson filed a Third-Party Complaint against Dale Bearden Construction in the U.S. District Court for the Western District of Kentucky, Civil Action No. 5:17-CV-8-TBR ("the Third-Party Complaint"), styled *City of Murray, Kentucky v. Robertson Incorporated Bridge and Grading Division, and Federal Insurance Company* ("the City of Murray Lawsuit").

10.     In the City of Murray Lawsuit, the City of Murray has alleged that work performed by Dale Bearden Construction was defective because it did not comply with the Project plans and specifications.

11.     In the City of Murray Lawsuit, Robertson has asserted that the Project *was* built in accordance with the applicable plans and specifications.

12.     In the City of Murray Lawsuit, Robertson has alleged, alternatively, that Dale Bearden Construction is liable contractually and under common law to indemnify Robertson for all sums payable to the City of Murray due to defective workmanship by Dale Bearden Construction.

13.     In the City of Murray Lawsuit, Robertson has alleged, alternatively, that Dale Bearden Construction is liable for negligence due to its defective workmanship.

14.     In the City of Murray Lawsuit, Robertson has alleged, alternatively, that Dale Bearden Construction is liable for breach of contract due to its defective workmanship.

15.     On or about January 4, 2018, Robertson filed a Complaint against Dale Bearden Construction and Ohio Casualty Insurance Company (not the plaintiff in this action) in the U.S. District Court for the Western District of Kentucky, Civil Action No. 5:18-CV-4-TBR, styled

*Robertson Incorporated Bridge and Grading Division v. Dale Bearden Construction Company, Inc. and Ohio Casualty Insurance Company* ("the Robertson Lawsuit").

16.     In the Robertson Lawsuit, Robertson has alleged that the Project *was* constructed in accordance with the applicable specifications.

17.     In the Robertson Lawsuit, Robertson has alleged, alternatively, that Dale Bearden Construction is liable for negligence due to its defective workmanship.

18.     In the Robertson Lawsuit, Robertson has alleged, alternatively, that Dale Bearden Construction is liable for breach of contract due to its defective workmanship.

19.     In the Robertson Lawsuit, Robertson alleged that Ohio Casualty Insurance Company, pursuant to a Subcontract Performance Bond, was contractually bound to perform Dale Bearden Construction's unfulfilled obligations under the Subcontract.

20.     Ohio Casualty Insurance Company has paid to Robertson the amount of the Subcontract Performance Bond, and Robertson has dismissed its claims against Ohio Casualty Insurance Company, with prejudice.

21.     The Policy at issue here issued by Ohio Security states in part:

**SECTION I - COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any occurrence, and settle any Claim or "suit" that may result.

**\* \* \* \* \***

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

\* \* \* \* \*

22.     The Amendment of Occurrence Definition endorsement (CG 89 56 11 10) included in the Policy states:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Occurrence" also means:

a.   An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that involves "property damage" to property that is not "your work," but is caused by "your work," regardless of whether the work is performed by you or on your behalf by a subcontractor; or

b.   An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that involves "property damage" to "your work," but only if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor, and the "property damage" is included within the "products-completed operations hazard."

23.     Under the Policy, "Property damage" means:

a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it, or

b.   Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.
….

24.     The claims against Dale Bearden Construction do not constitute "Property Damage" that is covered by the Policy.

25.     The claims against Dale Bearden Construction do not constitute an "Occurrence" that is covered by the Policy.  *See Martin/Alias Properties, LLC v. Acuity, A Mut. Ins. Co.*, 544

S.W.3d 639 (Ky. 2018); *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69 (Ky. 2010).

26.     One or more of the Commercial General Liability Coverage Form Exclusions may also apply to the coverage claims against Dale Bearden Construction, including, without limitation, Exclusions (b), (j), (l), and (m).

27.     Ohio Security is providing a defense to Dale Bearden Construction in the City of Murray Lawsuit and in the Robertson Lawsuit, subject to its reservation of the right to deny coverage.

28.     Ohio Security does not owe Dale Bearden Construction a defense or indemnity relating to the alleged faulty construction of the Project.

29.     All conditions precedent to the relief requested by Ohio Security have been performed or have occurred.

30.     There is an actual controversy existing between Ohio Security and Defendants concerning Ohio Security's obligations, if any, to provide coverage under the Policy to Dale Bearden Construction for claims described above.

31.     Ohio Security has no adequate remedy at law and this is a proper case for the Court to exercise jurisdiction and declare rights and liabilities of the parties.

32.     The judgment requested by Ohio Security will serve a useful purpose in clarifying and settling the legal relations at issue.

33.     The judgment requested by Ohio Security will provide relief from the uncertainty, insecurity and controversy giving rise to this action.

34.     Ohio Security is entitled to entry of a judgment under Fed.R.Civ.P. 57 and 28 U.S.C. §§ 2201-2202 declaring that Dale Bearden Construction's claim for a defense and indemnity is not covered under the Policy.

WHEREFORE, Plaintiff, Liberty Ohio Security Insurance Company, demands that judgment be entered against Defendants, Dale Bearden Construction Company, Inc. d/b/a Dale Bearden Concrete & Curbing, Inc., and Robertson Incorporated Bridge and Grading Division, jointly and severally, as follows:

1.     Declaring that all claims against Dale Bearden Construction in the City of Murray Lawsuit and in the Robertson Lawsuit, including any claim by Dale Bearden Construction for a defense and indemnity, are not covered under the Policy.

2.     Awarding Ohio Security its costs and attorneys fees if appropriate; and

3.     Awarding Ohio Security any and all other relief to which it may appear entitled.

Respectfully submitted,

s/Robert L. Steinmetz
Robert L. Steinmetz
rsteinmetz@gsblegal.com
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, KY  40202
(502) 618-5711 (phone)
(502) 618-5701 (fax)

*Counsel for Ohio Security Insurance Company*

T:\STEINMETZ\LIBERTY\Bearden, Dale Construction\Complaint for Declaratory Judgment.docx